# UNITED STATES DISTRICT COURT
### for
## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION



U.S.A. vs. Gina Gail Smith

Docket No. 2:05CR20043-01

## Petition on Probation and Supervised Release

COMES NOW  DAWN L. BROWN  , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Gina Gail Smith, who was placed on probation by the Honorable Jon Phipps McCalla sitting in the Court at  Memphis, Tennessee , on the 18th  day of February , 2005, who fixed the period of Probation at one (1) year, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall not possess firearms or other dangerous weapons.

2. The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.

3. The defendant shall seek and maintain full-time employment.

4. The defendant shall cooperate with DNA collection as directed by the Probation Office.

5. The defendant shall continue follow-up care regarding drug rehabilitation.

6. The defendant shall pay a $1,000.00 fine. (Balance $600.00 )

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a SUMMONS be issued for Gina Gail Smith to appear before the United States District Court to answer charges of violation of Probation.

## ORDER OF COURT

Considered and ordered _22_ day of _Apr. 1_ , 200_5_ and ordered filed and made a part of the records in the above case.

_Jon P. McCalla_
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 20, 2005_

_Dawn L. Brown_
United States Probation Officer

Place:  Memphis, TN

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _4-26-05_



Gina Gail Smith
Docket Number: 2:05CR20043-01
Page 2


## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**The Defendant Has Violated The Following Condition of her Probation:**


**The defendant shall not illegally possess a controlled substance.**

On March 9, 2005 while a resident at the Hope Center Drug Rehab Center, Ms. Smith was found in the bathroom in a comatose state which appeared to have been induced by an illicit substance. Ms. Smith was transported to the Regional Medical Center at Memphis where her discharge diagnosis was Acute Polysubstance Abuse and Intoxication. Ms. Smith voluntarily admitted that on March 9, 2005 she used Heroin.

# VIOLATION WORKSHEET

1. **Defendant**   Gina Gail Smith   (1383 Kney, Memphis, TN 38107)

2. **Docket Number (Year-Sequence-Defendant No.)**   2:05CR20043-01

3. **District/Office**   Western District of Tennessee (Memphis)

4. **Original Sentence Date**   <u>02</u> / <u>18</u> / <u>2005</u>
   (If different than above):   month   day   year

5. **Original District/Office** _____

6. **Original Docket Number (Year-Sequence-Defendant No.)** _____

7. **List each violation and determine the applicable grade {see §7B1.1}:**

| Violation(s) | Grade |
|---|---|
| • Illegally possessed/used a controlled substance | B |
| • | |
| • | |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))   **B**

9. Criminal History Category (see §7B1.4(a))74   **II**

10. Range of imprisonment (see §7B1.4(a))   | 6 - 12  months |
    **Statutory Maximum: Not More Than One (1) year.**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    {x }   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }   (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W
Suite   1400, Washington, D.C., 20004, Attention:  Monitoring Unit

Defendant_____Gina Gail Smith_____

12.    Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____    Community Confinement ___N/A_____

Fine ($) _____$600.00_____    Home Detention _____N/A_____

Other _____N/A_____    Intermittent Confinement ___N/A_____

13.    Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CR-20043 was distributed by fax, mail, or direct printing on April 26, 2005 to the parties listed.

---

Howard L. Wagerman
WAGERMAN LAW FIRM
200 Jefferson Ave.
Ste. 1313
Memphis, TN 38103

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT